ANDREW L. NUNAN ET AL., PROSECUTORS, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MIDDLESEX, ET AL., DEFENDANTS.

Argued January 23, 1941—Decided May 15, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutors, *Harry Green* and *Milton M. Unger.*

For the defendants, *Edmund A. Hayes* and *John E. Toolan.*

PER CURIAM.

Application is made for a writ of *certiorari,* or in the alternative, a rule to show cause why a writ of *certiorari* should not issue, to review a resolution of the Board of Chosen Freeholders of Middlesex County, dated December 19th, 1940, awarding a contract for the purchase of voting machines to

Automatic Voting Machine Company, and to review the proceedings touching and concerning said resolution and the contract awarded thereunder.

Prosecutors are citizens and taxpayers of Middlesex County and the manufacturer and distributor of voting machines.

It is asserted that the freeholders did not consider the respective merits of the Shoup Voting Machine; that they were not alive to the welfare of the taxpayers in their action; that they made the award without adequate information and without a fair and intelligent consideration of relevant facts, and in bad faith.

It appears that from July 18th, 1940, when a resolution was passed by respondent Board of Freeholders authorizing the issuance of $250,000 of bonds for the purchase of voting machines, until December 19th, 1940, when the resolution authorizing the contract for the purchase of machines was adopted and the contract was executed, the members of the board had been making inquiries touching the merits of the Shoup machine and the Automatic machine; that they had been studying the two machines; that the prosecutor's machine had been displayed at public places in the county, at the suggestion of the Director of the Board of Freeholders.

From all of the proofs submitted in the pending application, it is not made to appear that the board did not give adequate consideration to the merits of the two types of voting machines submitted for their consideration, or that any motive, except their best judgment, induced the making of the contract for the Automatic machine. The machine of the prosecutor company and the machine of the respondent company, it appears without contradiction, are the only machines which have been officially approved by the Secretary of State pursuant to the statute, *R. S.* 19:48-2, and that both are regarded as of a high order.

We cannot say that it reasonably appears that the action of the Board of Freeholders, sought to be reviewed, was not in good faith, upon reasonable investigation and the result of their considered judgment after due inquiry into the merits of both the prosecutor's and respondent's machines. Therefore, the application is denied, but without costs.